**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3923
_____


IN RE:  NEW CENTURY TRS HOLDING, INC., et al.,
                                                                        Debtors


ALAN M. JACOBS, IN HIS CAPACITY AS LIQUIDATING TRUSTEE
TO NEW CENTURY LIQUIDATION TRUST,
                                                                        Appellant


⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯


On Appeal from the United States District Court
for the District of Delaware
(District Court No.:  1-13-cv-01719)
District Judge:  Honorable Sue L. Robinson


⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯


Argued on July 16, 2015


(Filed: August 10, 2015)


Before:  HARDIMAN, VANASKIE, and RENDELL, Circuit Judges


Ralph N. White          **(ARGUED)**
Molly S. White
5948 Doraville Drive
Port Orange, FL 32127
          *Pro Se Appellees*

Michael D. DeBaecke, Esq.
Bonnie G. Fatell, Esq.
Alan M. Root, Esq.
Blank Rome
1201 Market Street
Suite 800
Wilmington, DE 19801

Mark S. Indelicato, Esq.     **(ARGUED)**
Hahn & Hessen
488 Madison Avenue
New York, NY 10022
   *Counsel for Appellant*

Irv Ackelsberg, Esq.     **(ARGUED)**
Langer, Grogan & Diver
1717 Arch Street
Suite 4130, The Bell Atlantic Tower
Philadelphia, PA 19103
   *Counsel for Amicus*

----

O P I N I O N[*]

----

**RENDELL**, <u>Circuit Judge</u>:

  The parties to this appeal seek a ruling as to whether the District Court properly concluded that the Bankruptcy Court erred in determining that the notice of the bar date by publication given to unknown creditors of the Debtors comported with due process. Appellees, Molly S. White and Ralph N. White (the "Whites" or "Appellees"), and amicus urge that we should uphold the District Court. At the same time, they argue that

----

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

the notice to Appellees was unconstitutional because one of the Debtors and Appellees were parties to a mortgage loan that Appellees contend was fraudulent and Appellees were clearly known to the Debtors and thus entitled to actual notice. Appellees' claims against the Debtors were set forth in a late-filed proof of claim. Appellees contest the notification aspect of the claim process and have also filed an adversary proceeding in the Bankruptcy Court (the "Adversary Proceeding"), which is currently pending.[1]

In connection with a motion to dismiss in the Adversary Proceeding, the Bankruptcy Court issued an opinion that did not dismiss the case entirely, in which the Bankruptcy Judge ruled that Appellees were unknown creditors.[2] Appellees and amicus

---

[1] The Adversary Proceeding, *White v. New Century TRS Holdings, Inc.*, No. 10-55357 (Bankr. D. Del. filed Nov. 15, 2010), was brought by the Whites against the Debtors and included claims for monetary damages and for rescission and declaratory relief regarding the Whites' ongoing mortgage obligation based on fraud and deceptive practices. The Bankruptcy Court granted in part and denied in part the Trustee's motion to dismiss the Whites' adversary action. The Bankruptcy Court granted the dismissal of the Whites' nonmonetary claims for rescission and declaratory relief for lack of subject matter jurisdiction. The Trustee also argued that the Bar Date Order barred the Whites' monetary claims. The Bankruptcy Court denied this portion of the motion in a two-part ruling: First, the Bankruptcy Court ruled that the Whites were properly classified as "unknown creditors." Second, the Bankruptcy Court declined to dismiss the monetary claims on the ground that there was insufficient information to determine whether the publication satisfied due process. The Whites have filed two timely motions for reconsideration of the dismissal decision, addressed to issues other than the "unknown" creditor ruling. The second such motion remains pending.

[2] The Bankruptcy Judge was presented with the Whites' argument that they were known creditors because their identity was ascertainable from the Debtors' books and records. The Bankruptcy Judge disagreed with that argument because the Whites' names and address in the Debtors' loan files only suggested that they were known customers, not known *creditors*. Because the Whites did not allege that, at the time of the Bar Date Notice, a review of the Debtors' records would have revealed any potential claims held by the Whites, the Bankruptcy Court concluded that the Whites were unknown creditors at the time the Bar Date Notice was served. (App. 132-33.)

challenge that ruling, urging that the Debtors knew that the borrowers were potential

claimants in light of the subprime nature of the loans and the fact that at least one class

action was filed alleging bait-and-switch tactics vis-à-vis interest rates. *See Grimes v.

New Century Mortg. Corp.*, 340 F.3d 1007 (9th Cir. 2003).[3] Appellees have made known

their intention to appeal the ruling that they were unknown creditors once the Adversary

Proceeding is finally adjudicated.[4] That may not happen, however, until we rule as to the

propriety of notice by publication, because the Bankruptcy Judge indicated in his opinion

that he will defer decision as to the dismissal of the Adversary Proceeding until the notice

issue is resolved.[5]

---

[3] The Bankruptcy Court appointed an Examiner to investigate matters related to New Century. The Examiner's report refers explicitly to these tactics: "A senior New Century officer noted in 2004 that borrowers would experience 'sticker shock' after the teaser rates expired." Final Report of Michael J. Missal, Bankruptcy Court Examiner, at 3, *In re: New Century TRS Holdings, Inc.*, No. 07-10416 (Bankr. D. Del. Mar. 26, 2008), ECF No. 5518.

[4] In addition, at oral argument, the Whites pointed to the Debtors' motion requesting the establishment of the Bar Date as only requesting publication notice "to provide notice of the Bar Dates to entities whose names and addresses are *unknown* to the Debtors." (App. 52 ¶ 19 (emphasis added).) The Whites construe this request as the Debtors conceding that actual notice was required to entities whose names and addresses were *known* to the Debtors. The Whites urge that their mortgage contracts provided the Debtors with this information, and therefore actual notice was required.

[5] The Bankruptcy Judge's opinion stated, in relevant part:

> Although the Debtors arguably complied with the stated minimum
> requirements of the Bar Date Order, without a more fully developed factual
> record, I am unable to determine whether the publication notice was
> reasonably calculated to provide notice to consumer mortgagors like the
> Whites. At this stage in the proceeding, the Trustee has not met his burden
> of proving that publication in one national edition newspaper and one local

Clearly, if the Whites were unknown creditors and the notice was sufficient to meet due process, the Whites will be barred from pursuing their claim and the Adversary Proceeding will be dismissed by the Bankruptcy Judge; if insufficient, the Adversary Proceeding, based on fraud, will proceed. In light of the vocal arguments of the Whites urging that they were *known* creditors entitled to actual notice, their standing to appeal to the District Court to challenge the notice to *unknown* creditors—and, as luck would have it, they were the only parties to appeal—is subject to question. And if they were known creditors, and we issued an opinion regarding the notice, it would be advisory. Review of the Bankruptcy Court's ruling regarding the Whites' status is stymied because the Bankruptcy Judge is awaiting the very ruling we question whether we can make based on the standing issue. Thus, this appeal presents unique practical, procedural, as well as legal issues.

A court has the duty to determine the standing of the parties before it. "[F]ederal appellate courts have a bedrock obligation to examine both their own subject matter jurisdiction and that of the district courts[, and] . . . standing is 'perhaps the most important' of jurisdictional doctrines." *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 280 (3d Cir. 2014) (quoting *Pub. Interest Research Grp. of N.J., Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 117 (3d Cir. 1997)). We believe that the District Court here

---

newspaper is sufficient to meet due process requirements as applied to the Whites as unknown creditors.

(App. 135 (footnote omitted).) The Bankruptcy Judge thereafter approved the publication notice pursuant to the Trustee's motion, but that ruling is still not final, as it is the ruling presented on appeal to us.

5

should have addressed the issue of the Whites' standing to appeal the Bankruptcy Court's ruling on the notice to unknown creditors, i.e., decided whether the Whites were known or unknown, because only by doing so can it determine whether the Whites were parties aggrieved by the publication notice.[6] If the District Court determines that the Whites were indeed unknown creditors, it can reenter its merits ruling. If it determines that they were known creditors, it should dismiss the appeal. Thus, we will vacate the District Court's ruling on the merits and remand this matter to the District Court for further proceedings consistent with this opinion.

---

[6] The Third Circuit has held that only a "person aggrieved" by an order of the Bankruptcy Court has standing to appeal that order. *See Gen. Motors Acceptance Corp. v. Dykes*, 10 F.3d 184, 188 (3d Cir. 1993). The "person aggrieved" rule states that only those whose pecuniary interests are directly and adversely affected by a Bankruptcy Court order that "diminishes their property, increases their burdens, or impairs their rights" may appeal. *Travelers Ins. Co. v. H.K. Porter Co.*, 45 F.3d 737, 741-42 (3d Cir. 1995) (quoting *Dykes*, 10 F.3d at 187). "[W]hether someone is a 'person aggrieved' is normally a question of fact to be determined by the district court." *Id.* at 742 (citing *Dykes*, 10 F.3d at 188).